AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

**FILED**

MAY 1 9 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>**V.**<br>RUBEN MONTES (2) | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: 3:23-CR-02377-JAH<br><br>Rafael Bustamante Laue<br>Defendant's Attorney |

**USM Number**     13191-511

☐ –

THE DEFENDANT:

☐ pleaded guilty to count(s)     1 of the Indictment _____

☐ was found guilty on count(s) _____
after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| **Title and Section / Nature of Offense** | **Count** |
|---|---|
| 18:371; 18:545,982(a)(2)(B) – Conspiracy; Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through ___**5**___ of this judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) ___Remaining___ is     dismissed on the motion of the United States.

☒ Assessment : $100.00 imposed
–

☐ JVTA Assessment*: $
-

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

☒ No fine     ☒ Forfeiture pursuant to order filed     5/14/2025     , included herein.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

May 14, 2025
Date of Imposition of Sentence

HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RUBEN MONTES (2) | Judgment - Page **2** of **5** |
| CASE NUMBER: | 3:23-CR-02377-JAH | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:
16 months.

☐    Sentence imposed pursuant to Title 8 USC Section 1326(b).

☐    The court makes the following recommendations to the Bureau of Prisons:

☐    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant must surrender to the United States Marshal for this district:

    ☐    at _____ A.M.    on _____

    ☐    as notified by the United States Marshal.

☒    The defendant must surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☒    on or before July 16, 2025 by 2:00 PM.

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
          DEPUTY UNITED STATES MARSHAL

3:23-CR-02377-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RUBEN MONTES (2) | Judgment - Page **3** of **5** |
| CASE NUMBER: | 3:23-CR-02377-JAH | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant will be on supervised release for a term of:
2 years.

## MANDATORY CONDITIONS

1. The defendant must not commit another federal, state or local crime.
2. The defendant must not unlawfully possess a controlled substance.
3. The defendant must not illegally possess a controlled substance. The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than 4 drug tests per month during the term of supervision, unless otherwise ordered by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
4. ☐ The defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (check if applicable)
5. ☒ The defendant must cooperate in the collection of DNA as directed by the probation officer. (check if applicable)
6. ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, is a student, or was convicted of a qualifying offense. (check if applicable)
7. ☐ The defendant must participate in an approved program for domestic violence. (check if applicable)

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

3:23-CR-02377-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RUBEN MONTES (2) | Judgment - Page **4** of **5** |
| CASE NUMBER: | 3:23-CR-02377-JAH | |

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervised release, the defendant must comply with the following standard conditions of supervision. These conditions are imposed   because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation   officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1.  The defendant must report to the probation office in the federal judicial district where they are authorized to reside within 72 hours of their release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2.  After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed.

3.  The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4.  The defendant must answer truthfully the questions asked by their probation officer.

5.  The defendant must live at a place approved by the probation officer. If the defendant plans to change where they live or anything about their living arrangements (such as the people living with the defendant), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6.  The defendant must allow the probation officer to visit them at any time at their home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of their supervision that he or she observes in plain view.

7.  The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about their work (such as their position or their job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8.  The defendant must not communicate or interact with someone they know is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, they must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9.  If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10. The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant must comply with that instruction. The probation officer may contact the person and confirm that the defendant notified the person about the risk.

13. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3:23-CR-02377-JAH

AO 245B (CASD Rev. 1/19) Judgment in a Criminal Case

| | | |
|---|---|---|
| DEFENDANT: | RUBEN MONTES (2) | Judgment - Page **5** of **5** |
| CASE NUMBER: | 3:23-CR-02377-JAH | |

## SPECIAL CONDITIONS OF SUPERVISION

1.  Report all vehicles owned or operated, or in which you have an interest, to the probation officer.

2.  Submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. The offender must warn any other occupants that the premises may be subject to searches pursuant to this condition.

    An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the offender has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

3.  Provide complete disclosure of personal and business financial records to the probation officer as requested.

//

3:23-CR-02377-JAH

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FILED

MAY 1 4 2025

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

RUBEN MONTES (2),

Defendant.

Case No. 23cr2377-JAH

ORDER OF CRIMINAL
FORFEITURE

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest in property of Defendant RUBEN MONTES ("Defendant"), pursuant to Title 18, United States Code, Section 982(a)(2)(B) as all property, real and personal, constituting and derived from proceeds obtained, directly or indirectly, as a result of violation of Title 18, United States Code, Sections 371, 545, and 2, as charged in Counts 1, 4 through 7, and 8 through 12; and.

WHEREAS, on or about January 16, 2025, Defendant pled guilty before Magistrate Judge Lupe Rodriguez, Jr to Count 1 of the Indictment, which plea included consent to the forfeiture allegations of the Indictment, and consent to forfeiture of all property seized in connection with the case, including but not limited to entry of a forfeiture money judgment in the amount of $12,710.00 representing the proceeds Defendant personally received from the offense set forth in Count 1 and forfeiture of all pesticides and veterinary drugs seized in connection with the case,

1  which forfeiture shall be included and incorporated as part of the judgment in this

2  case; and

3  WHEREAS, on February 04, 2025, this Court accepted the guilty plea of

4  Defendant; and

5  WHEREAS, pursuant to Defendant's plea, he has forfeited all interest in all

6  property seized in connection with this case. Accordingly, the court orders his

7  interests, if any, and all other properties, including those from co-defendants,

8  forfeited to the United States; and

9  WHEREAS, by virtue of the admissions of the Defendant set out in the plea

10  agreement and guilty plea, the Court hereby finds that $12,710.00 represents the

11  amount of proceeds the Defendant personally obtained directly as a result of the

12  offense set forth in Count 1 to which Defendant pled guilty, 18 U.S.C. § 371, as

13  charged in the Indictment; and

14  WHEREAS, by virtue of said guilty plea and the Court's findings, the

15  United States is now entitled to an Order of Forfeiture in its favor against the

16  Defendant of all pesticides and veterinary drugs, and a forfeiture money judgment

17  representing the amount of the proceeds received by the Defendant in the amount of

18  $12,710.00, pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b) of the Federal

19  Rules of Criminal Procedure; and

20  WHEREAS, by virtue of the facts set forth in the plea agreement, the

21  United States has established the requisite nexus between the $12,710.00 forfeiture

22  money judgment, all pesticides and veterinary drugs, and the offense set forth in

23  Count 1; and

24  WHEREAS, the Defendant has agreed that the provisions for the substitution

25  of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States

26  may take actions to collect the forfeiture money judgment; and

27

28

- 2 -                                      23cr2377

1       WHEREAS, the United States, having submitted the Order herein to the

2 Defendant through his attorney of record, to review, and no objections having been

3 received;

4       Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

5       1.    Based on the guilty plea of the Defendant to Count 1 of the Indictment,

6 thew Court orders the forfeiture of all pesticides and veterinary drugs, and the United

7 States is entitled to a forfeiture money judgment against Defendant in the amount of

8 $12,710.00 pursuant to Title 18 U.S.C. 982(a)(2)(B), representing the proceeds

9 Defendant personally received from the offense of conviction set forth in Count 1,

10 which forfeiture money judgment is in favor of the United States against Defendant

11 RUBEN MONTES, with interest to accrue thereon in accordance with 18 U.S.C. §

12 3612(f) and 28 U.S.C. § 1961; and

13       2.    This Court shall retain jurisdiction in the case for the purpose of

14 enforcing the order of forfeiture money judgment and collecting and enforcing it; and

15       3.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final

16 as to the Defendant at the time of sentencing and is part of the sentence and included

17 in the judgment; and

18       4.    Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct

19 discovery to identify, locate, or dispose of directly forfeitable assets and substitute

20 assets against which this Order of Forfeiture may be enforced; and

21       5.    The United States may, at any time, move pursuant to Rule 32.2(e) to

22 amend this Order of Forfeiture to substitute property having a value not to exceed

23 $12,710.00 to satisfy the forfeiture money judgment in whole or in part; and

24       6.    The United States may take any and all actions available to it to collect

25 and enforce the forfeiture money judgment.

26 //

27 //

28

23cr2377

1      7.      This order shall be incorporated and included as part of the judgment in

2 this case when Defendant is sentenced.

3          DATED: 5-14-25

4

5                                          Honorable John A. Houston
                                           United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        - 4 -                                    23cr2377